IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD RUH, Plaintiff, | FILED DEC 1 9 2013 | |
| v. | MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk | CIVIL CASE NO. 12-3801 |
| MICHAEL HARLOW, et al. Defendants. | | |

## ORDER

**AND NOW**, this 18th day of December 2013, after careful and independent consideration of the petition for a writ of habeas corpus and of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 12) ("R&R"), to which no objections have been filed, and the entire record in this case, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED and ADOPTED** in part and **MODIFIED** in part;[1]

---

[1] Judge Rice's careful and thoughtful R&R appropriately disposes of the habeas petition. This Court's review of the record has disclosed one minor factual point requiring modification and one legal issue that could benefit from further analysis.

The R&R states that the Pennsylvania Supreme Court denied Ruh's petition for allowance of appeal on January 6, 2012, based on the Court of Common Pleas docket. R&R at 2; *Commonwealth v. Ruh*, CP-51-CR-0609023-2004 (Pa. Comm. Pleas). However, the Pennsylvania Supreme Court docket reveals that Ruh's petition or allowance of appeal was denied on May 24, 2012. *Commonwealth v. Ruh*, 711 EAL 2004, 47 A.3d 847 (Pa. 2012). This discrepancy may be related to the strange fact that the appellate docket in an unrelated case, *Commonwealth v. Thompson*, was included with Ruh's state record that the Pennsylvania courts transmitted to this Court (Thompson's Superior Court docket number is 3248 EDA 2009; Ruh's is 3048 EDA 2009). Thompson's petition for allowance of appeal was indeed denied on January 6, 2012. This Court concludes that Ruh's appeal was denied on May 24, 2012, pursuant to the Pennsylvania Supreme Court's docket.

As for the legal analysis, Judge Rice recommended this Court hold that Ruh's Sixth Amendment Speedy Trial claim is procedurally defaulted because he failed to exhaust his remedies in state court. R&R at 5–6. This conclusion is correct, but it is helpful to discuss separately the related concepts of procedural default and exhaustion. A claim is procedurally defaulted in two situations: 1) a state court clearly and expressly relies on an adequate, independent, firmly established, and regularly followed state procedural ground to dismiss the claim, *Lee v. Kemna*, 534 U.S. 362, 376 (2002); or 2) the petitioner fails to present the claim to the state *and* presentation would be futile under state procedural law. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The R&R establishes that Ruh failed to present his Speedy Trial Claim to the state courts (and therefore it is unexhausted under 28 U.S.C. § 2254(b)(1)(A)), but the R&R does not state that presentation of the claim would be futile.

2.  The Petition (Doc. No. 1) is **DENIED** with prejudice; and

3.  A Certificate of Appealability **SHALL NOT ISSUE**.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED.**

BY THE COURT:

*[signature]*
CYNTHIA M. RUFE, J.

---

The statute of limitations for proceedings under Pennsylvania's Post Conviction Review Act is one year after the conviction becomes final, and that time is not tolled during the pendency of a federal habeas petition. *Commonwealth v. Fahy*, 558 Pa. 313, 330 (1999) ("To allow tolling of the PCRA's time limitations where a writ for federal habeas relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system."). Ruh's conviction became final August 22, 2012, when his time to file a petition for a writ of certiorari in the Supreme Court of the United States, appealing from the Supreme Court of Pennsylvania's decision on direct review of his conviction, expired. 711 EAL 2011 (appeal denied on May 24, 2012) *Commonwealth v. Peterkin*, 554 Pa. 547, 554 (1998) (conviction final on denial of certiorari); *Commonwealth v. Wilson*, 911 A.2d 942, 945 (Pa. Super. Ct. 2006) (conviction final when time to file certiorari petition expires); 28 U.S.C. § 2101(c) (ninety days to file certiorari petition). Ruh's time to file a PCRA petition therefore expired on August 22, 2013. 42 Pa. Cons. Stat. § 9545(b)(1) (one-year statute of limitations). Since Petitioner has not filed a PCRA petition alleging a speedy trial violation, Judge Rice correctly concluded that the claim was procedurally defaulted.

In all other respects, the Report and Recommendation is adopted and approved.

2